OPINION
Defendant-appellant, James D. Sudberry, aka James Rome, appeals his conviction for murder in Butler County Court of Common Pleas. We affirm the decision of the trial court.
Appellant lived at a house in Hamilton, Ohio, with his grandmother, Ora Lee Nassar, and her husband ("the Nassars"). In early January 1999, the Nassars moved out of the house and the landlord began eviction proceedings. Appellant continued to stay in the house and at some point, his uncle, James L. Sudberry ("Boo") also began staying in the house. Appellant testified that Boo was abusive, calling him names like "fag," and doing things such as stealing appellant's food and not allowing appellant to use his own telephone. Appellant also stated that he was afraid of Boo because in the past Boo told appellant he would kill him and threatened to "beat the gay out of him."
On January 25, 1999, the landlord came to the house and told appellant to move out by morning and took his house key. Boo was not home at the time. According to appellant, he was outside when Boo returned, and Boo became angry when he could not get into the house and began demanding a key. Boo threatened to hit appellant with a beer bottle and yelled that he would kill appellant and "kick his ass." He began bumping and pushing appellant, calling him a "big fag." According to appellant, Boo was kicking and punching him as he was trying to walk away.
Appellant claimed that he pulled out a pair of scissors he had in his pocket to keep Boo from harming him. Appellant stated that he poked Boo with the scissors only a few times and that Boo was throwing himself against the scissors, still trying to harm appellant. Eventually, Boo quit coming after appellant and walked back towards the house. Appellant claimed that he decided to go to a homeless shelter for the night and returned to the house to get his identification card. When he returned, he saw Boo lying on the ground. As he tried to step around or over Boo to get into the house, Boo tried to grab him. Appellant then hit Boo with a shovel several times and killed him.
Later in the evening, appellant went into the backyard and covered Boo's body with an orange blanket and some other items. The next day he dragged the body to the garage and hid it in front of a car. Appellant claims that he then went to Dayton to try and find an African-American attorney to help him. A few days later he was stopped by the Dayton police who discovered an outstanding warrant in Butler County for the murder and arrested him.
Appellant was indicted for murder and a jury trial began on October 2, 2000. Appellant presented affirmative defenses of insanity and self-defense. On October 7, 2000, the jury returned a guilty verdict. Appellant filed a motion to set aside the jury verdict on October 20, 2000. The trial court overruled the motion and sentenced appellant to serve fifteen years to life at the Ohio Department of Corrections and Rehabilitation.
Appellant now appeals his conviction and raises two assignments of error.
Assignment of Error No. I:
 THE JURY ERRED IN REJECTING THE DEFENSE OF NOT GUILTY BY REASON OF INSANITY.
Assignment of Error No. II:
 THE COURT'S VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant claims that the jury erred by rejecting his insanity defense. He presents this assignment of error as a sufficiency of evidence issue and claims that the trial court erred in failing to find sufficient evidence of insanity.
Insanity is an affirmative defense. The burden is on the accused to establish an affirmative defense by a preponderance of the evidence. R.C. 2901.05(A). The Ohio Revised Code provides the standard courts must follow when determining whether a defendant has established an insanity defense: "[a] person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14). "The weight to be given the evidence and the credibility of the witnesses concerning the establishment of the defense of insanity in a criminal proceeding are primarily for the trier of fact." State v. Curry (1989), 45 Ohio St.3d 109, 114, quoting State v.Thomas (1982), 70 Ohio St.2d 79, 80. "A trial court's judgment as to insanity will only be reversed where overwhelming and uncontradicted evidence leads to a contrary conclusion." State v. Owens (May 10, 1999), Madison App. No. CA98-05-022, unreported at 10-11.
Three psychologists testified as expert witnesses at trial regarding the issue of appellant's sanity. Dr. Roger Fisher examined appellant at the request of the defense. Dr. Fisher testified that at the time of the offense appellant was suffering from substantial mental illness which made it difficult for appellant to comprehend what he was doing or that what he had done was wrong. Dr. Bobbie Hopes examined appellant twice at the request of the court. Dr. Hopes determined that appellant was mentally ill at the time of the offense, but that he knew the wrongfulness of his conduct at the time. Dr. Thomas Martin treated appellant while he was at the Twin Valley Psychiatric Center. Dr. Martin testified that appellant may have been mentally ill at the time of the offense, but that he knew the wrongfulness of his actions.
Appellant's specific argument regarding the sufficiency of the evidence is unclear. Appellant appears to be arguing that the court should have found sufficient evidence of insanity based on Dr. Fisher's testimony and because the evidence of mental illness was uncontradicted. We note that "sufficiency of evidence" is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380,386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. Thus, the question is not whether there was sufficient evidence from which the jury could find the elements of insanity, but whether the state presented sufficient evidence to establish appellant was not insane at the time of the offense. Accordingly, we review the evidence to determine whether there was sufficient evidence to support the trial court's decision that appellant was not legally insane at the time of the offense.
Appellant argues that all three experts who testified at trial agreed that appellant was mentally ill at the time of the offense. While appellant's assertion is correct, such testimony does not equate to a finding that appellant was legally insane. As mentioned above, the defendant must show, by a preponderance of the evidence, that because of a mental disease or defect he did not know the wrongfulness of his actions. Although Dr. Fisher testified that appellant did not know the wrongfulness of his actions, the two other psychologists testified that appellant was aware that his actions were wrong at the time of the offense. Thus, although appellant presented evidence that appellant was not guilty by reason of insanity, the state presented evidence to contradict this assertion. Because there was evidence from which a jury could find that appellant did not meet his burden to establish an insanity defense by a preponderance of the evidence, there is sufficient evidence to support appellant's conviction. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that his conviction was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact finder's resolution of any conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 389. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant first argues that the jury's decision to reject the evidence of self-defense was against the manifest weight of the evidence. In Ohio, a person is entitled to use self-defense when three elements are met: 1) he or she is not at fault in creating the situation; 2) he or she had an honest belief that he or she was in imminent danger of death or great bodily harm, and the only means of escaping the danger was by use of force; and (3) the person must not have violated a duty to retreat.State v. Thomas (1997), 77 Ohio St.3d 323, 326. At trial, appellant admitted that he could have retreated from the situation before he attempted to return to the house. Instead, appellant testified that he tried to go back to the house and around Boo because he wanted to get his identification card. Such testimony negates the third element of self-defense, as appellant did not retreat from the situation when he had the opportunity. Given this testimony, we can not find that the rejection of appellant's self-defense argument was against the manifest weight of the evidence.
Appellant also argues that the rejection of his insanity defense was against the manifest weight of the evidence. As mentioned in the first assignment of error, two experts testified that appellant knew the wrongfulness of his actions at the time of the offense. Both experts examined appellant, reviewed his history and other documentation, and presented well-reasoned and documented opinions regarding appellant's sanity. Accordingly, the rejection of appellant's insanity defense was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.